## INTERNATIONAL REALTY & SECURITIES CORPORATION v. E. J. MILLER,[1]

January 5, 1917.

Nos. 20,010—(114).

**Recovery of secret commission — verdict supported by evidence.**
1. The verdict is sustained by the evidence.

**Evidence — bank checks admissible.**
2. There was no error in the rulings on the admission of evidence.

**New trial — newly discovered evidence.**
3. There was no abuse of discretion in not granting a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county to recover $1,280. The facts are stated in the first and second paragraphs of the opinion. The case was tried before Waite, J., and a jury which returned a verdict for $1,662.28. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Roberts & Strong,* for appellant.

*G. A. Petrie,* for respondent.

BUNN, J.

Plaintiff, a corporation engaged in buying and selling real estate, brought this action to recover of defendant, its managing director, the sum of $1,280, the amount of a commission alleged to have been secretly received by defendant from the vendor on a sale to plaintiff of 1,280 acres of land in Dodge county. The issue in the case was whether defendant received this secret commission. If he did, plaintiff's right to recover is conceded. The jury found for the plaintiff. Defendant's motion for a new trial, based in part on the ground of newly discovered evidence, was denied, and he appeals to this court.

It is not here contended that the evidence does not sustain the verdict. The case for plaintiff depended almost wholly on the testi-

1Reported in 160 N. W. 793.

mony of one Westphal, who acted as the agent of the vendor, conducting the negotiations for the sale with defendant as the agent of the plaintiff. His testimony was in substance as follows: As agent for the owner of the farm he gave defendant a price of $46.50 per acre; defendant suggested that he wanted something for his trouble and that one dollar per acre be added to the price named to defendant; the vendor and his agent consented, and the contract was made out at the price of $47.50 per acre; plaintiff ratified, approved and carried out the purchase at this price, in ignorance that defendant was to receive or had received any commission. Westphal testified that, on the date the first payment of $6,000 on the purchase price was made by plaintiff to the vendor, the latter drew his check for $640 and delivered it to Westphal, who cashed it and paid the amount to defendant. Another check for $640 was cashed, and the proceeds paid by Westphal to defendant at the time the second payment on the purchase price was made. Defendant flatly contradicted the testimony of Westphal, denying that he received any commission whatever. Manifestly the question was for the jury, and its verdict is amply sustained.

It is contended that it was error to receive in evidence the checks, the proceeds of which Westphal claims to have paid to defendant. It is true that these checks had no direct tendency to show that defendant received the proceeds, but they indicated quite strongly that a commission was paid to either Westphal or the defendant. Their probative value on the issue involved was sufficient to prevent our saying it was error to receive them in evidence.

There was no error in receiving in evidence the records of plaintiff corporation containing the minutes of meetings of its board of directors. This evidence was obviously relevant.

Probably the claim most seriously urged for a reversal is that the court should have granted a new trial on the ground of newly discovered evidence. The evidence discovered after the trial and made the basis of the motion is found in an affidavit of one Hamilton, the president of plaintiff at the time of the transaction involved, to the effect that Westphal stated to him that he, the said Westphal, made one dollar per acre on the transaction. This affidavit was supported by one

from defendant, in which the latter states his surprise at the testimony of Westphal on the trial, and his want of knowledge of the statement claimed to have been made to Hamilton. Westphal, in an affidavit, denied flatly having made any such statement. It needs nothing beyond this to show that the action of the trial court in denying the motion was not an abuse of discretion.

It is possible that the verdict does defendant an injustice, but it is fully sustained by the evidence, there were no errors on the trial, and we see no ground upon which we can interfere.

Order affirmed.